IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AMANDA BRANN,<br><br>  Plaintiff,<br><br><br><br>vs.<br><br><br><br>NOVARTIS PHARMACEUTICALS<br>CORPORATION, *et al.*,<br><br>  Defendants, | **ORDER and<br>MEMORANDUM DECISION**<br><br><br><br><br><br>Case No. 2:07-cv-122-CW |

This court "must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998). Here, Plaintiff Amanda Brann, a Utah citizen, invokes only diversity jurisdiction pursuant to 28 U.S.C. § 1332 in her complaint. Ms. Brann's complaint, however, names fictitious, or "Doe," defendants without making any allegations specifically regarding their state citizenship. In fact, the only indication about the Doe defendants's possible state citizenship is Ms. Brann's allegation that some or all of them are Utah residents, which suggests that the Doe defendants are likely to be Utah citizens. (*See* Am. Compl., Dkt. No. 4, at ¶ 7.) Generally, a plaintiff's failure to make allegations about the state citizenship of fictitiously named defendants destroys diversity jurisdiction and can lead to dismissal. *See*, *e.g.*,

*Commonwealth Property Advocates, LLC v. Ocwen Loan Servicing, LLC*, No. 2:10-CV-86 CW, 2010 U.S. Dist. LEXIS 42228 (D. Utah April 29, 2010). This principle is even more pronounced here, where the complaint hints that the Doe defendants are Utah citizens.

This action, however, has been pending since 2007. Ms. Brann has never sought to amend her complaint to add an actual individual in place of a Doe defendant. Nor has she ever attempted to serve a Doe defendant since amending her complaint in July 2007. Under Rule 4(m) of the Federal Rules of Civil Procedure, then, the court may dismiss the Doe defendants on its own motion after giving notice to Ms. Brann.

Accordingly, Ms. Brann has ten days from the date of this order to show good cause for failing to serve the Doe defendants. If Ms. Brann does not make such a showing, those defendants will be dismissed without prejudice.

Until the Doe defendants are dismissed, or diversity jurisdiction is otherwise made fully clear, the court will not rule on the pending motion to compel. Once the court is satisfied that it has jurisdiction in this matter, it will resolve the pending motion and the anticipated stipulated motion to dismiss pursuant to the parties' settlement.

SO ORDERED this 17th day of November, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Judge